UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SABRINA POPE,

                Plaintiff,    CIVIL CASE NO. 07-10307

v.

TROTT & TROTT and
COUNTRYWIDE HOME LOANS, INC.,

                Defendants.    HONORABLE PAUL V. GADOLA
_____/    U.S. DISTRICT JUDGE

## ORDER DISMISSING CAUSE OF ACTION

    Now before the Court are pro se Plaintiff, Sabrina Pope's complaint, Defendant Countrywide Home Loans' February 22, 2007 Motion to dismiss, and Defendant Trott & Trott's March 7, 2007 motion to dismiss. The present cause of action is related to Plaintiff's previous cause of action before this Court, Case No. 06-11251. Accordingly, although the most recent case was originally assigned to the Honorable Denise Page Hood, it was administratively reassigned to this Court as a companion case, pursuant to Eastern District of Michigan Local Rule 83.11. Plaintiff's first case was dismissed on August 8, 2006 for failure to seek leave of the Court before filing an amended complaint, failing to respond to dispositive motions, failing to set forth a short and plain statement as to the Court's jurisdiction, and failure to respond to an order to show cause issued by this Court.

    Plaintiff's new complaint sets forth two alleged claims. First, Plaintiff states, her "Due process was violated," when "this case was dismiss[ed] with prejudiced by Judge Prentis Edwards on Mar 30 2006." Pl's Compl., p. 1. Next, Plaintiff claims that the "Federal Land Patent laws" have been violated. *Id.* Plaintiff does not set forth any facts related to these claims. Furthermore,

Plaintiff fails to mention either named Defendant in the body of the two page, handwritten complaint, other than to state that she would like an order to "stay her property" as to all Defendants, including Countrywide and Trott & Trott. *Id.*, p. 2. In addition to the stay, Plaintiff requests the Court "Dismiss with prejudice/with damages sought."[1] *Id.*

Defendant Countrywide Home Loans' motion to dismiss argues that: (1) this Court lacks subject matter jurisdiction, (2) to the extent Plaintiff's complaint could be construed as requesting or requiring a review of a state court decision, the Court is barred by the *Rooker-Feldman* doctrine, *see Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005), and (3) Plaintiff has failed to state a claim upon which relief could be granted. Defendant Trott & Trott's motion to dismiss argues that: (1) Plaintiff has failed to set forth a "short and plain statement of the grounds upon which the court's jurisdiction depends," Fed. R. Civ. P. 8(a), (2) any claims Plaintiff may be attempting to bring in this Court are barred by *res judicata* because the matters were already litigated in state court, and (3) Plaintiff has not asserted any claims against Defendant Trott & Trott.

Although required to do so, Plaintiff has not filed a response to either dispositive motion. *See* E.D. Mich. L.R. 7.1(b), (d)(1)(B). In her previous case, when the Court was presented with a

---

[1] The Court readily recognizes the bizarre nature of *Plaintiff's* request of relief to dismiss the cause of action. Although Plaintiff's request for relief is inexplicable, it is not unexpected. In Plaintiff's previous case, Plaintiff actually filed a separate motion to dismiss the case. *See Pope v. Countrywide Home Loans, et al.*, Case No. 06-11251, Pl's Mot. to Dismiss [docket entry #9]. Also befuddling the Court, in the present case *Plaintiff* has filed a document entitled "Defendant's Answer." *See* docket entry #11 (Mar. 12, 2007). A review of that document indicates that it is generally, in form, a properly prepared answer by some defendant, unknown to this Court. However, apparently attempting to make this document relevant to the instant case, Plaintiff deleted the original caption and wrote in the caption of this case. The Court can make absolutely no sense of this filing.

nearly identical situation to the one it now faces, the Court noticed Plaintiff as to the procedural violations, ordered Plaintiff to show cause why she had violated the rules and failed to respond to dispositive motions, and warned Plaintiff that failure to show cause and respond would result in dismissal of the cause of action. *See* Order to Show Cause, Case No. 06-11251 (July 7, 2006). Plaintiff failed to file any meaningful response. Accordingly, the Court dismissed the cause of action. *See* Order Dismissing Cause of Action, Case No. 06-11251 (Aug. 8, 2006).

Complaints filed by *pro se* litigants are to be construed liberally and should not be held to the same stringent standard as formal pleadings drafted by licensed attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Examining a *pro se* complaint, special care should be taken to determine whether any set of facts would entitle the plaintiff to relief. *Hughes v. Rowe*, 449 U.S. 5, 10 (1980). However, "[T]he party who brings a suit is the master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) (quoted in *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, n. 7 (1987)). Therefore, it is not the role of the court to guess the nature of the claims asserted. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Nor should violations of the procedural rules be ignored: "While pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Accordingly, "even a *pro se* litigant, whether a plaintiff or defendant, is required to follow the law. In particular, a willfully underrepresented plaintiff volitionally assumes the risks and accepts the hazards that accompany self-representation." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209

F. 3d 552, 561 (6th Cir. 2000).

In the instant case, *pro se* Plaintiff Sabrina Pope again seeks relief related to proceedings in state court. The nature of those proceedings or their ability to confer jurisdiction upon this Court are, again, entirely unclear. Moreover, Plaintiff's mere reference to "due process" does not establish federal jurisdiction, *see Am. Fed. of Television and Radio Artists, AFL-CIO v. WJBK-TV (New World Communications of Detroit, Inc.)*, 164 F.3d 1004, 1007 (6th Cir. 1999), nor does Plaintiff's mere reference to "Federal Land Patent Laws" invoke the jurisdiction of this Court. Plaintiff neither cites the laws to which she is referring nor does she explain how any such laws may be relevant in the instant case.[2] Plaintiff also fails to set forth any fact that would further elucidate her claims. Despite being clearly warned in her earlier case that violations of such basic procedural rules would, and ultimately did, result in dismissal, Plaintiff has again repeated those violations in the present case. Therefore, after a thoughtful review of the complaint, the Court finds that Plaintiff has failed to set forth a short and plain statement upon which this Court's jurisdiction depends, failed to assert any justiciable claim against either named Defendant, and failed to reveal any justifiable reason why Plaintiff has again violated numerous procedural rules. Therefore, the Court finds that the only appropriate course of action is to grant Defendants' motions to dismiss. Furthermore, to the extent necessary, the Court advises Plaintiff to become familiar with Rule 11

---

[2]The Court also notes that other courts have remarked on the dubious, even frivolous, nature of "Land Patent" claims. *See Thompkins-El v. Wells Fargo Bank Minnesota, et al.*, No. 05-74715 2006 WL 2433438, at *8 (E.D. Mich. Aug. 22, 2006) (collecting cases and finding "As with every other court that has considered the question, I consider the 'land patent' claim to be 'among an array of shopworn and quixotic arguments, having currency among so-called 'tax protestors,' but without any support in the law.' " *Id.* (quoting *Spencer v. Social Security Admin.*, 2006 WL 695782 (E.D. Mich. 2006))).

of the Federal Rules of Civil Procedure and Rule 11.1 of the Eastern District of Michigan Local Rules before proceeding with any future filings.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendants' motions to dismiss [docket entries #6 and #8] are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's cause of action, **Case No. 07-10307** is **DISMISSED**.

**SO ORDERED**.

Dated:  April 6, 2007   s/Paul V. Gadola
HONORABLE PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   April 9, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Janet Y. Miller; Brian C. Summerfield , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:   Sabrina K. Pope  .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845